UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BENJAMIN HANNON                                     CIVIL ACTION

VERSUS                                              NO. 14-2682

BLACKWATER DIVING, LLC, ET AL.                      SECTION I

<u>ORDER AND REASONS</u>

The Court has pending before it a motion[1] filed by defendant, Blackwater Diving, LLC

("Blackwater"), to exclude the testimony of G. Randolph Rice, Ph.D. ("Dr. Rice"), an economist

retained by plaintiff, Benjamin Hannon ("Hannon"). Hannon opposes the motion.[2]

This is a maritime personal injury case.[3] Hannon demands "loss of wages, loss of fringe

benefits, and loss of earning capacity."[4] He has retained Dr. Rice to opine regarding the value of

certain elements of those damages.[5] In his expert report, Dr. Rice makes certain assumptions

regarding Hannon's future wage base,[6] and further assumes that Hannon would earn fringe benefits

worth thirty percent of that assumed wage base.[7]

Blackwater moves to exclude Dr. Rice's calculations pursuant to Rule 702 of the Federal

---

[1]R. Doc. No. 16.
[2]R. Doc. No. 17.
[3]*See* R. Doc. No. 1.
[4]R. Doc. No. 1, at 4-5.
[5]*See* R. Doc. No. 16-3.
[6]Specifically, in a report dated April 29, 2015, Dr. Rice opines regarding Hannon's future lost earnings based on the assumption that "absent-injury [sic] a wage base of $55,000.00 per year would persist for +2.0 years post-trial and thereafter the base would increase to $80,000.00 per annum." R. Doc. No. 16-3, at 1.
[7]R. Doc. No. 16-3, at 3.

Rules of Evidence as "based upon fiction, or facts that are indisputably wrong."[8] Hannon responds that Dr. Rice's assumptions are supported by Hannon's prior earning history and benefits, as well as the amount of benefits earned by an average worker according to the Department of Labor, and that any challenge to the basis for the calculations is a subject for cross-examination.[9]

"[A]n [expert] opinion based on 'insufficient, erroneous information,' fails the reliability standard." *Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 515 (5th Cir. 2013) (quoting *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 389 (5th Cir. 2009)). "Generally, the 'fact-finder is entitled to hear [an expert's] testimony and decide whether . . . the predicate facts on which [the expert] relied are accurate.'" *Id.* (quoting *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002)). "At the same time, however, expert testimony that relies on 'completely unsubstantiated factual assertions' is inadmissible." *Id.* (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 n.4 (5th Cir. 2007)). Accordingly, "[w]hen an expert's testimony is not based upon the facts in the record but on altered facts and speculation designed to bolster a party's position, the trial court should exclude it." *Id.* (internal quotation marks and alteration omitted).

The present state of the record suggests that Dr. Rice's assumptions regarding plaintiff's future wage base may arguably be supported by plaintiff's earning history.[10] The record does not, however, yet disclose a sufficient basis for the thirty-percent fringe benefit figure plaintiff's counsel

---

[8]R. Doc. No. 16-2, at 3.

[9]R. Doc. No. 17, at 2, 5.

[10]In his report, Dr. Rice states that he reviewed Hannon's tax returns from 2008 through 2012. R. Doc. No. 16-3, at 1. Although those returns were not attached to the copy of the report, plaintiff submitted tax returns for 2008, 2009, 2010, 2012, and 2013. R. Doc. Nos. 17-3, 17-4, 17-5, 17-6, 17-7. Hannon earned approximately $81,970.14 in 2009, R. Doc. No. 17-4, at 1-4, though he certainly earned less in other years.

instructed Dr. Rice to assume,[11] other than plaintiff's reference to a U.S. Department of Labor report stating that an average worker earns benefits worth 18.3 percent of wages.[12] Ultimately, the Court will be in a better position at trial, with the benefit of a developed factual record, including contrary evidence and cross-examination of witnesses, to resolve objections to the admissibility of Dr. Rice's calculations. Accordingly,

**IT IS ORDERED** that Blackwater's motion is **DENIED WITHOUT PREJUDICE** to its right to reassert its objections to Dr. Rice's testimony at trial.

New Orleans, Louisiana, July 16, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11]R. Doc. No. 16-3, at 3.
[12]R. Doc. No. 17, at 10.